14-500
*Diallo v. Lynch*

BIA
Videla, IJ
A088 380 384

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*

_____

THIERNO FADJA DIALLO,
> *Petitioner*,

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.1

_____

14-500
NAC

**FOR PETITIONER:**          Andy Wong, New York, New York.

---

1 - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**            Joyce R. Branda, Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Colette J. Wilson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, in part, and DENIED, in part.

Petitioner Thierno Fadja Diallo, a native and citizen of Guinea, seeks review of a January 30, 2014, decision of the BIA affirming an April 7, 2011, decision of an Immigration Judge ("IJ") denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Thierno Fadja Diallo,* No. A088 380 384 (B.I.A. Jan. 30, 2014), *aff'g* No. A088 380 384 (Immig. Ct. N.Y. City Apr. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

2

Therefore, we assume that Diallo established past persecution based on his political opinion, and only consider the agency's findings that the Government rebutted the presumption of future persecution in Guinea on that basis and that Diallo failed to establish a well-founded fear of persecution on account of his Fulani ethnicity. We additionally review the BIA's consideration of the country conditions evidence Diallo submitted with his BIA appeal brief. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Political Opinion**

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the Government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1). While it is the Government's burden to show the fundamental change, the weight of that burden "depends at least in part on the degree to which the past and future persecutions are of the same sort." *Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir. 2005). A fundamental change may be

shown by a preponderance of the evidence, and we review the agency's conclusion for substantial evidence. *Lecaj v. Holder*, 616 F.3d 111, 115, 116 (2d Cir. 2010). The agency must provide a reasoned basis for finding that changed country conditions rebut the presumption of persecution. *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007). Accordingly, the agency cannot ignore significant information favorable to the applicant or rely on general changes in country conditions without conducting an individualized analysis. *Tambadou v. Gonzales*, 446 F.3d 298, 303-04 (2d Cir. 2006).

Diallo claimed that he would be persecuted in Guinea based on his affiliation with two political parties that opposed Guinea's ruling party, the Party for Unity and Progress. The IJ based his decision solely on Diallo's testimony that another political party, the Rally for the Guinean People ("RPG"), was now in power in Guinea. Although Diallo testified that the RPG participated in the same political demonstration as Diallo, which might suggest that they would have little interest in persecuting him, *id,* Diallo did not assert a claim based on membership in the RPG; so the agency's reasoning is based on evidence that may not be directly relevant to his claim (i.e.,

4

that the RPG is now in power).  Furthermore, the IJ did not consider any of the documentary record evidence.  Although the country conditions evidence Diallo submitted before the IJ was outdated at the time of his 2011 decision, the IJ did not address the evidence at all, nor did he consider the other corroborating evidence Diallo submitted.  Because the agency should have made findings as to how the change in the ruling political party would affect Diallo as a member of a different political party, we grant his petition with respect to that finding.

**II.   Ethnicity**

The agency reasonably found that Diallo did not satisfy his burden to establish a well-founded fear of persecution based on his ethnicity.  To establish eligibility for asylum, an applicant like Diallo, who did not show past persecution based on his ethnicity, must demonstrate a well-founded fear of future persecution.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006).  To do so, he must show that he subjectively fears persecution and that his fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).  There are

two ways for an applicant to show objective fear: (1) offering evidence that he would be singled out individually for persecution, or (2) proving that a pattern or practice of persecution of similarly situated persons exists in his home country. *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); 8 C.F.R. § 1208.13(b)(2).

Diallo's claim that he will be persecuted due to his ethnicity is primarily based on his assertion, during the merits hearing, that the RPG leader in power has made disparaging remarks about the Fulani people and that he fears persecution on that basis. The agency reasonably found this assertion insufficient to establish that Diallo will be individually targeted in Guinea. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Diallo also argues that the Guinean government engages in an ongoing practice of persecuting people of Fulani ethnicity because politics and ethnicity in Guinea are intertwined. The agency reasonably found that Diallo's claim was speculative, despite his credible testimony. *Jian Hui Shao*, 546 F.3d at 162.

The BIA has provided that "a 'pattern or practice' of persecution is one that is 'systemic, pervasive, or

organized,'" and we have "deemed that standard 'a reasonable one' while at the same time seeking clarification from the BIA as to how the standard might be applied reliably." *Id.* at 150 n.6 (citing *Mufied*, 508 F.3d at 92-93). When the agency's determination that an individual did not establish a pattern or practice of persecution is supported by background materials, the agency has provided a "sufficient basis" for its conclusion. *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Other than Diallo's assertion that Fulajis made up 40 percent of the Guinean population, there is no evidence that the Guinean government or the RPG persecutes Fulanis. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Additionally, the BIA reasonably concluded that even if it were to consider the background evidence provided in Diallo's May 2011 submission, the IJ did not err in finding Diallo's claim speculative. The documentary evidence does not establish that Guinea's government engages in ongoing persecution of Fulani people. Accordingly, Diallo did not show a pattern or practice of such persecution. Because Diallo failed to demonstrate a well-founded fear of persecution, he necessarily cannot meet the higher burden required for withholding of removal or CAT

7

relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk